Martin **VELARDE–ARAMBULA,**
Petitioner,

v.

Alberto R. **GONZALES,** Attorney
General, Respondent.

No. 04–70277.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 19, 2006.

Raul Gomez, Esq., Law Office of Raul Gomez, Los Angeles, CA, for Petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., John S. Hogan, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Martin Velarde–Arambula, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's denial of his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition and remand for further proceedings.

Velarde–Arambula contends that the IJ erred as a matter of law in concluding that he failed to satisfy the continuous physical presence requirement under 8 U.S.C. § 1229b(b)(1)(A). Velarde–Arambula testified that he was apprehended by immigration authorities and returned to Mexico multiple times in 1996 as he attempted to re-enter the United States after a one-month trip to Mexico. The IJ concluded that these apprehensions and returns constituted a break in Velarde–Arambula's continuous physical presence such that he failed to meet the requisite ten-years before issuance of the Notice to Appear.

We recently held that the fact that an alien is turned around at the border, even where the alien is fingerprinted and information about his attempted entry is entered into the government's computer database, does not in and of itself interrupt the continuity of his physical presence in the United States. *See Tapia v. Gonzales,* 430 F.3d 997, 1002–1004 (9th Cir.2005). However, we previously held that an administrative voluntary departure in lieu of removal proceedings does constitute a break in continuous physical presence. *See Vasquez–Lopez v. Ashcroft,* 343 F.3d 961, 972 (9th Cir.2003) (per curiam).

On the record before us, we cannot determine whether Velarde–Arambula's returns to Mexico by immigration officials were the result of "turn-arounds," as discussed in *Tapia,* or administrative voluntary departures, as discussed in *Vasquez–Lopez.* Accordingly, we grant the petition and remand to the Board for further proceedings concerning the nature of Velarde–Arambula's contact with immigration officials in 1996.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.